# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 22-1934V

|  |  |
|---|---|
| JOHN D. SHERWOOD, JR, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: April 9, 2026 |

*Braden Andrew Blumenstiel, The Law Office of DuPont & Blumenstiel, LLC, Dublin, OH, for Petitioner.*

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 30, 2022, John Sherwood, Jr., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a Table injury – Guillain-Barrè syndrome as a result of his December 12, 2019 influenza vaccination. Petition, ECF No. 1. On April 25, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 38.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $19,194.13 (representing $18,792.00 in fees, plus $402.13 in costs). Application for Attorneys' Fees and Costs ("Motion") filed November 24, 2025, ECF No. 44. Furthermore, counsel represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the Motion on November 25, 2025, stating that he is satisfied the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 45 at 2-5. Respondent also flagged several billing entries by Petitioner's attorney as questionable. *Id.* at 1. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.


**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Hourly Rates*

Petitioner's counsel, Braden Blumenstiel, requests the hourly rate of $400.00 for all work performed in this matter from 2022-25. Mr. Blumenstiel has practiced law since 2004, and currently practices in Dublin, Ohio. ECF No. 44-1. But he has previously been awarded the hourly rate of $225.00 for work performed in the 2021-22 timeframe, and $275.00 per hour for work performed in 2023-24. See, e.g., *Segal v. Sec'y of Health & Human Servs.*, No. 18-0809V, 2023 WL 2645836 (Fed. Cl. Spec. Mstr. Mar. 27, 2023); *Duncan v. Sec'y of Health & Human Servs.*, No. 16-1367V, 2022 WL 4494273 (Fed. Cl. Spec. Mstr. Sept. 7, 2022); and *Kindberg* v. *Sec'y of Health & Human Servs.*, No. 21-1940V, 2025 WL 1011675 (Fed. Cl. Spec. Mstr. Jan. 22, 2025).

I find no reason to deviate from such reasoned determinations, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in late cases. *See Jefferson* v. *Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Thus, I hereby reduce his rates to be consistent with the aforementioned. **Application of the foregoing reduces the amount of fees to be awarded by $1,632.50**.[3]

Additionally, based on the factors[4] relevant to determining reasonable hourly rates for Program attorneys, I hereby award Mr. Blumenstiel $300.00 per hour for time billed in 2025, representing a reasonable increase of $25.00 from the previous year. **This results in a reduction of $516.00.**[5]

---

[3] This amount consists of reducing Mr. Blumenstiel's rates for 2022-24 and is calculated as follows: ($400.00 - $225.00 = $175.00 x 3.40 hours billed in 2022) + ($400.00 - $275.00 = $125.00 x 8.30 hours billed in 2023-24) = $1,632.50 in fees to be reduced.

[4] *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] This amount consists of reducing Mr. Blumenstiel's 2025 rate and is calculated as follows: ($400.00 - $300.00 = $100.00 x 5.16 hours billed by counsel in 2025) = $516.00 in fees to be reduced.

*B.  Administrative Tasks*

Attorneys' fees are awarded for the number of hours reasonably expended on the litigation. *See Avera v. Sec'y of Health & Hum. Servs.,* 515 F.3d 1343, 1347 (Fed. Cir. 2008). But the billing records show several charges for non-compensable work and/or tasks considered administrative in nature, including but not limited to, printing, saving, or processing/paying invoices, and obtaining or mailing certified checks to the client.[6] It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *See*, e.g*., Rochester* v. *U.S*., 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). See *Mostovoy* v. *Sec'y of Health & Hum. Servs*., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Secretarial or administrative tasks should not be billed at all, regardless of who performs such task. *See, e.g.*, *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Accordingly, I hereby deny reimbursement of such administrative charges, reducing the fees to be awarded by **$544.80.**

*C.  Excessive Billing*

Besides the above, Respondent noted an instance of excessive billing. Specifically, on June 25, 2025, Mr. Blumenstiel billed a total of 1.39 hours to review the Joint Notice not to Seek Review - merely a one-sentence-long document. ECF No. 44, Ex. 2 at 11. Upon further review of the billing records, I noted no other instances of excessive billing in this matter, so I will not apply any further reduction to the fees requested. But counsel should avoid including in his fees request hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)) to avoid a larger curtailed award in future cases.

*D.  Litigation Costs*

Petitioner has provided supporting documentation for all claimed costs. ECF No. 44-2. Respondent offered no specific objection to the litigation costs sought. I find the requested costs reasonable, and hereby award them in full.

---

[6] The following billing entries are considered administrative and non-compensable: 2/21/23; 2/22/23; 10/12/25; 10/14/25; 10/15/25, reflecting a combined total of $544.80. See ECF No. 44-2.

4

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $16,500.83 (representing $16,098.70 in fees plus $402.13 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.